IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRY COLLINS                                                                  PLAINTIFF

v.                          CIVIL NO. 18-2192

ANDREW M. SAUL,[1] Commissioner
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sherry Collins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on March 29, 2013, alleging an inability to work since February 15, 2013, due to sciatic nerve on the right side and left arm pain; depression; high blood pressure; high cholesterol; and a suicide attempt. (Tr. 505, 869, 873). An administrative hearing was held on November 13, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 60-99).

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

In a written decision dated April 17, 2014, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform work at all exertional levels but had some non-exertional limitations. (Tr. 564-573). Plaintiff requested review of the unfavorable decision by the Appeals Council. The Appeals Council vacated the ALJ's decision and remanded Plaintiff's case back to the ALJ for further development on June 25, 2014. (Tr. 579-582). A supplemental administrative hearing was held on January 7, 2015. (Tr. 100-127).

In a written decision dated March 21, 2015, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 586-594). Plaintiff requested review of the unfavorable decision by the Appeals Council. The Appeals Council vacated the ALJ's decision and remanded Plaintiff's case back to the ALJ for further development on June 27, 2016. (Tr. 601-606). A supplemental administrative hearing was held on March 27, 2017. (Tr. 41-59). At this hearing, Plaintiff, through her counsel, amended her alleged onset date to November 1, 2016. (Tr. 45-46).

In a written decision dated April 25, 2017, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 611-622). Plaintiff requested review of the unfavorable decision by the Appeals Council. The Appeals Council vacated the ALJ's decision and remanded Plaintiff's case back to the ALJ for further development on August 22, 2017. (Tr. 630-634). A supplement hearing was held on March 14, 2018. (Tr. 128-151). At this hearing, the ALJ noted Plaintiff's alleged onset date was February 15, 2013. (Tr. 130).

By written decision dated September 12, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.

14). Specifically, the ALJ found Plaintiff had the following severe impairments: depressive disorder due to another medical condition (pain); unspecified anxiety disorder; borderline intellectual functioning; obsessive-compulsive traits; degenerative disc disease; obesity; and hypertension. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 40431567(b) and 416.967(b) except she can occasionally climb ramps and stairs, she can never climb ladders, ropes or scaffolds, and she can occasionally balance, stoop, kneel, crouch and crawl. She can perform work where interpersonal contact is incidental, and the tasks should be no more complex than those learned and performed by rote, with few variables and little judgment. The supervision required is simple, direct and concrete.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small products assembler, a poultry deboner, and a routing clerk. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 19, 20).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 15th day of January 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE